**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Bank of America, NA., Mortgage Assets Management, LLC, <br><br>                             Plaintiffs, <br><br>            -v- <br><br> Henry R. Terry, <br><br><br>                        Defendant. | 2:26-cv-733 <br> (NJC) (ST) |

**ORDER OF REMAND**

NUSRAT J. CHOUDHURY, United States District Judge:

On February 9, 2026, pro se Defendant Henry R. Terry filed a document entitled "Amended Second Notice of Removal" together with the $405 filing fee[1] seeking to again remove to this Court a post-judgment mortgage foreclosure proceeding commenced in 2009 (the "State Case") in the New York State Supreme Court, Suffolk County ("State Court") under Index No. 016603/2009. (Second Not. Removal at 1, ECF No. 1; Receipt No. 200006504.) Terry had unsuccessfully sought to remove this same State Case to this Court on May 15, 2025. *See Bank of America, NA v. Public Adm'r of Suffo[l]k County as Adm'r of the Estate of Alice G. Zahnd et al,* No. 2:25-cv-2729 (E.D.N.Y.). By Order of Remand dated July 14, 2025, the Court remanded the matter "to the State Court for lack of subject matter jurisdiction" and noted the procedural deficiencies with the attempted removal. (*See id.*, Remand Order, ECF No. 6.)

---

[1] Given Terry's payment of the filing fee, his request for "leave to proceed *In Forma Pauperis* (IFP) regarding any filing fees associated with this removal" is denied as moot. (Second Not. Removal at 6, ECF No. 1.)

Upon careful review of Terry's submissions, for the reasons addressed below and in the Remand Order, this matter is remanded to the State Court for lack of subject matter jurisdiction. Because Terry has again failed to comply with the procedural requirements of removal, after having been informed of those requirements in the July 14, 2025 Remand Order, this Order addresses those deficiencies as well.

### I.       Lack of Subject Matter Jurisdiction

This Court has an independent obligation to determine whether subject matter jurisdiction exists over this case. *See Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006)." [F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court sua sponte." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). If a district court lacks subject matter jurisdiction, it must dismiss the action. *See Doe v. McDonald*, 128 F.4th 379, 384 (2d Cir. 2025); Fed. R. Civ. P. 12(h)(3). "It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction," and district courts "may not assume subject-matter jurisdiction when the record does not contain the necessary prerequisites for its existence." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 617–18 (2d Cir. 2019) (quotation marks omitted).

In removal cases, the removing party bears the burden of proving jurisdiction. *See United Food & Com. Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). "[I]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (citation omitted).

Upon a liberal construction of Terry's submissions in light of his pro se status, the Court has considered whether subject matter jurisdiction lies in this Court and finds that Terry has failed to establish either federal question or diversity jurisdiction for the following reasons.

A.  Lack of Federal Question Jurisdiction

According to the Amended Second Notice of Removal, Terry removed this action "[b]ased on Destruction of Record, Judicial Estoppel, New Federal Evidence & Denial of Civil Rights" and alleges that "[t]his action involves a substantial federal interest that has been suppressed by the State Court, triggering jurisdiction under 28 U.S.C. § 2410 and § 1331." (Second Not. Removal at 1, 3 and *in toto*.) Thus, Terry seeks to invoke this Court's federal question jurisdiction.

Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Terry attempts to invoke this Court's federal question jurisdiction by claiming a "DENIAL OF DUE PROCESS & RIGHT TO BE HEARD (JANUARY 8 ORDERS)" and by citing to 28 U.S.C. § 2410.[2] (Second

---

[2] 28 U.S.C. § 2410 provides that:

> the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter—[ ] to foreclose a mortgage or other lien upon . . . real or personal property on which the United States has or claims a mortgage or other lien.

28 U.S.C. § 2410(a)(2). Further, the statute provides that "[t]he complaint or pleading shall set forth with particularity the nature of the interest or lien of the United States." *Id*. § 2410(b). "The Supreme Court has stated, *in dicta*, that § 2410 'provide[s] a quiet title cause of action against the Federal Government,' but it has not squarely addressed whether this statute creates federal subject matter jurisdiction." *Nationstar Mortg. LLC v. Dadi*, No. 3:17-cv-165, 2018 WL 4054878, at *4 (D. Conn. Aug. 24, 2018) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 317 n.4 (2005)).

Not. Removal at 8–9.) However, neither of these grounds present a valid basis for this Court's

exercise of federal question jurisdiction over this action.

Terry's assertion that he was deprived of due process and an opportunity to be heard are

federal *defenses* raised by Terry in this action. To be sure, the underlying Complaint in the State

Case, filed by Plaintiff Bank of America, N.A., initiates a mortgage foreclosure action and not a

civil rights claim and includes no reference to 42 U.S.C. § 1983. (*See* 2:25-cv-2729, Compl.,

ECF No. 1-1 *in toto*.)[3] It is well-established that the presence of a defense based on federal law is

*not* a basis for removing a state court action to federal court. *See Holmes Grp., Inc. v. Vornado

Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) ("[F]ederal jurisdiction generally exists only

when a federal question is presented on the face of the *plaintiff's* properly pleaded complaint.")

(internal quotation marks omitted) (emphasis in original). Notably, the Court made this

requirement clear to Terry in the July 14, 2025 Remand Order. (*See* 2:25-cv-2729, Remand

Order, ECF No. 6 at 2–3.)

Similarly, Terry's citation to 28 U.S.C. § 2410 is unavailing. The Complaint in the State

Case: (1) does not cite to 28 U.S.C § 2410; (2) makes clear that the "United States of America-

Internal Revenue Service is being named as a party defendant herein because of possible unpaid

federal income tax" (Compl. ¶ 19), and; (3) does not allege quiet title claims as against the

---

[3] While Terry failed to attach the underlying Complaint when he initiated this instant action on February 9, 2026, he had previously filed it, along with the Summons and his Answer thereto, when he first attempted to remove the State Case to federal Court. (*See Bank of America, NA v. Public Administrator of Suffo[l]k County as Administrator of the Estate of Alice G. Zahnd et al*, No. 2:25-cv-2729 (E.D.N.Y.), ECF No. 1-1 at 2–10 ("Compl."), 11–13 ("Answer").)

4

United States.[4] Accordingly, there is no basis to invoke this Court's federal question subject matter jurisdiction on the basis of 28 U.S.C. § 2410.[5]

### B. Lack of Diversity Jurisdiction

Nor has Terry established that this Court may exercise diversity jurisdiction over this action. Under 28 U.S.C. § 1332(a) ("Section 1332(a)"), federal courts have original jurisdiction over a civil action where the amount in controversy exceeds $75,000 and the action is between:

(1) citizens of different States;
(2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

---

[4] Even if the Complaint were liberally construed to include a claim under 28 U.S.C. § 2410, 28 U.S.C. § 1444 makes clear that such action "in any State court may be removed *by the United States* . . . ."). Further, any federal issue that may have warranted removal pursuant to Section 2410 has now been resolved. (*See* Not. App., Waiver, and Cond. Assertion of Claim to Surplus Monies, ECF No. 1-1 at 47–49.) Thus, this Court finds that this action should be remanded to the State Court.

[5] Removal pursuant to 28 U.S.C. § 1443 misses the mark as well in the absence of any claimed racial discrimination. *See Suffolk Cnty. Dep't of Soc. Servs. v. Clarke*, 807 F. App'x 133, 135 (2d Cir. 2020) (noting that "the Supreme Court has held that [Section 1443] applies only to removals based on claims of racial discrimination[.]"). Nor has Terry adequately alleged that any claimed civil rights violations could not be redressed in state court. *See Georgia v. Rachel*, 384 U.S. 780 (1966) (holding that the exception applies only where right cannot be enforced in state court); *see also New York v. Whyte-Bey*, No. 2:25-cv-2003, 2025 WL 1371817, at *1 (E.D.N.Y. May 12, 2025). Indeed, the State Case makes clear that Terry actively participated in that litigation for many years, and his dissatisfaction with the outcome there is not a basis for removal to this Court. *People of State of N.Y. v. Galamison*, 342 F.2d 255, 269 (2d Cir. 1965) (explaining that Section 1443 "applies only to rights that are granted in terms of equality and not to the whole gamut of constitutional rights").

5

28 U.S.C. § 1332(a). Section 1332(a) requires complete diversity among the plaintiffs and defendants in the action. *See Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020).

Here, the underlying Complaint in this action names as Defendants, in addition to Terry, the United States of America O/B/O Secretary of Health and Urban Development and the United States of America-Internal Revenue Service. (*See* Compl. *in toto*.) Neither of these Defendants are a citizen of a state for the purposes of diversity jurisdiction. The United States is not a citizen of any state for diversity purposes, *United States v. Dry Dock Sav. Inst.*, 149 F.2d 917, 918 (2d Cir. 1945), nor are its agencies, *Texas v. Interstate Com. Comm'n*, 258 U.S. 158, 160 (1922) (no diversity jurisdiction over ICC and Railroad Labor Board, since they "are not citizens of any state, but have the same relation to one state as to another"); *E. Sav. Bank v. Walker*, 775 F. Supp. 2d 565, 573 (E.D.N.Y. 2011) (presence of the IRS as a Defendant destroyed complete diversity); *Nationstar Mortg. LLC v. Dadi*, No. 3:17-cv-165, 2018 WL 4054878, at *3 (D. Conn. Aug. 24, 2018) (Secretary of HUD destroyed complete diversity). Accordingly, this Court lacks diversity jurisdiction under Section 1332(a).

## II.     Procedural Deficiencies in Removal

28 U.S.C. § 1446(a) sets forth the procedure for removal of a case to federal court as follows:

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, *together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.*

28 U.S.C. § 1446(a) (emphasis added). In addition, 28 U.S.C. § 1446(b)(2)(A) provides that "[w]hen a civil action is removed solely under section 1441(a), *all defendants* who have been properly joined and served *must join in or consent to* the removal of the action." 28 U.S.C.

§ 1446(b)(2)(A) (emphasis supplied). As for the time for removal, Terry relies on 28 U.S.C. § 1446(b)(3). That section provides, in relevant part:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). The Second Notice of Removal asserts that "[r]emoval is timely because it is filed within 30 days of Defendant receiving 'other paper' from which it was first ascertained that the case is removable on these new grounds" and cites the State Court's January 8, 2026 Order, the Rosen Declaration, dated February 4, 2026, and the U.S. Attorney Notice, dated January 30, 2026. (Second Not. Removal at 1–2.)

"[S]tatutory procedures for removal are to be strictly construed." *Syngenta Crop. Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002). "[T]he burden is on the removing party to prove that it has met the requirements for removal." *Ulysse v. AAR Aircraft Component Servs.*, 841 F. Supp. 2d 659, 666 (E.D.N.Y. 2012) (citation omitted). "[O]ut of respect for the limited jurisdiction of the federal courts and the rights of states," courts "must resolv[e] any doubts against removability." *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (citation omitted).

Terry's reliance on 28 U.S.C. § 1446(b)(3) is misplaced. The State Court Order does not provide any basis for removal. Indeed, the State Court Order consolidated Terry's then-pending motions that sought to: (1) vacate prior rulings, (2) stay further proceedings, (3) reargue prior motions, and (4) compel the judge to recuse herself; denied these motions; and "ORDERED that if Mr. Terry, or any attorney acting on his behalf, files a motion without seeking leave of the court (by Order to Show Cause), the court will hold a hearing on whether further sanctions may

7

be imposed . . . ." (ECF 1-1 at 2–3.) Nothing in this Order can be construed as providing a basis for invoking federal question or diversity jurisdiction. Similarly, the Rosen Declaration, which merely attaches filings from the underlying State Court action and supplemental caselaw, does not include any grounds on which the Court could reasonably construe some reason that removal is warranted. (*See* ECF 1-1 at 34–35.) Similarly, given that the United States was named as a party in the underlying Complaint back in 2009, the U.S. Attorney Notice could hardly have been first paper from which removability may have been ascertained. (*See* ECF 1-1 at 47–49.) The fact remains that Terry attempts to remove the State Court action some sixteen years after service of the Summons and Complaint.

Even if the removal were timely, which it is not, the Second Notice of Removal fails to indicate whether all Defendants in this action joined or consented to removal. (Second Not. Removal at 6.) Given that the Second Notice of Removal is signed only by Terry and not by Defendants Public Administrator of Suffolk County as Administrator of the Estate of Alice G. Zahnd, United States of America O/B/O Secretary of Housing and Urban Development, United States of America-Internal Revenue Service, or New York State Department of Taxation and Finance, it appears that they do not. (*Id*.) Further, Terry has also failed to attach "a copy of all process, pleadings, and orders served upon" him in the state court case as is required for removal. 28 U.S.C. § 1446(a).

### III. All Writs Act Warning

Under the All Writs Act, a federal court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The All Writs Act "grants district courts the power, under certain circumstances, to enjoin parties from filing further lawsuits." *MLE Realty Assocs. v. Handler*, 192 F.3d 259, 261

(2d Cir. 1999); *see also Matter of Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir. 1982) ("The equity power of a court to give injunctive relief against vexatious litigation is an ancient one which has been codified in the All Writs Statute, 28 U.S.C. § 1651(a) (1976)."). These circumstances include cases where a litigant engages in the filing of repetitive and frivolous suits. The Court has an "obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Law v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (cleaned up). "[T]he traditional standards for injunctive relief, *i.e.* irreparable injury and inadequate remedy at law, do not apply to the issuance of an injunction against a vexatious litigant." *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984). Rather, the Second Circuit has identified five factors to be considered in restricting a litigant's access to the court system:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 714 (2d Cir. 2019).

As noted earlier, this lawsuit is Terry's second attempt to improperly remove a post-judgment state court foreclosure action. Terry has also commenced an action against Bank of America, and others, relating to the same property at issue in the State Case. *See Terry v. Bank of America, et al.*, No. 2:25-cv-02625 (E.D.N.Y.) (motions to dismiss *sub judice*). In that action, Terry has filed *ten motions* in the last three months. Given that the foreclosure sale of the subject

9

property has now been scheduled for March 3, 2026,[6] Terry's behavior in this and his prior cases in the EDNY suggests he may be attempting to block that sale with frivolous litigation, thus, he is not acting in good faith.[7]

**For these reasons, Terry is warned that any further attempt to remove the State Case or any new action alleging improprieties with the State Case or relating to the mortgage and/or sale of the subject property will lead to an order directing Terry to Show Cause why a litigation bar should not be entered.**

## CONCLUSION

Accordingly, this action is remanded to state court pursuant to 42 U.S.C. § 1447(c) for lack of subject matter jurisdiction. The Clerk of the Court shall: (1) mail a certified copy of this Order to the clerk of the Supreme Court of the State of New York, Suffolk County, pursuant to 42 U.S.C. § 1447(c); (2) close this case; and, (3) pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, serve notice of entry of this Order upon all parties as provided in Rule 5(b) of the Federal Rules of Civil Procedure and record such service on the docket.

---

[6] *See* February 3, 2026 Notice of Sale, Index No. 016603/2009, Document No. 366 ("Pursuant to a Judgment of Foreclosure and Sale duly entered October 24, 2025, I, the undersigned Referee will sell at public auction . . . on March 3, 2026 at 9:30 AM, premises known as 16 Bransford Street, Patchogue, NY 11722.") https://iapps.courts.state.ny.us/fbem/DocumentDisplayServlet?documentId=D7x8UYEvw/0kNL WLipLDVg==&system=prod (last visited on Feb. 19, 2026).

[7] *See id.*, *see also Terry v. Inc. Village of Patchogue, et al.*, No. 2:05-cv-3398 (consolidated with 2:05-3398 and 2:09-cv-2333), *appeals dismissed for lack of subject matter jurisdiction*, Nos. 11-4388 & 11-4390 (2nd. Cir. Jan 31, 2013); *Terry v. Inc. Village of Patchogue, et al.*, No. 2:09-cv-2333, *dismissal affirmed*, No. 14-3874 (2nd Cir., July 19, 2016); *Terry v. Caravello, et al.* No. 2:09-cv-3173 (dismissed for lack of subject matter jurisdiction); and *Terry v. County of Suffolk, et al.*, No. 11-cv-2247, *dismissal affirmed*, No. 14-3886 (2nd Cir. July 7, 2016) (summary order).

Although Terry paid the filing fee in this Court, should he seek leave to appeal in forma pauperis, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. Therefore, in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York
February 19, 2026

                            */s/ Nusrat J. Choudhury*
                            NUSRAT J. CHOUDHURY
                            United States District Judge